UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

Robert T. McCarty
Mary Linda Young-McCarty

        Debtors.

_____/

Robert T. McCarty and Mary
Linda Young-McCarty,

        Plaintiffs,

vs.

CENTERSTATE BANK OF
FLORIDA, N.A.,

        Defendants.

_____/

Case No. 12-06885-MGW
Chapter 11

Adversary Proc. No. 8:12-ap-1150-MGW

## EMERGENCY MOTION FOR RELIEF FROM ORDER
## DENYING EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

    COMES NOW Robert T. McCarty ("Husband") and Mary Linda Young-McCarty ("Wife") (collectively "Debtors"), by and through the undersigned attorneys, and pursuant to Bankr. Rule 9024, files this Emergency Motion for Relief From Order Denying Emergency Motion for Preliminary Injunction against CenterState Bank of Florida, N.A., and in support thereof states as follows:

    On January 9, 2013 a hearing was held on Defendants' Emergency Motion for Preliminary Injunction ("Injunction Motion"). The Injunction Motion sought the issuance of an injunction under Bankruptcy Code §105(a) to stop the continuation of a foreclosure action ("State Court Litigation") instituted by CenterState Bank of Florida, N.A. ("CenterState") against certain real property ("Abbey Property") occupied by Husband's ex-wife. The Abbey Property, which was the former marital residence for Husband and his ex-wife, was transferred to ex-wife pre-petition pursuant to a marital property settlement agreement ("MSA").

    Despite the express language in the Injunction Motion to the contrary, counsel for the Debtor mistakenly believe that Husband still had an ownership interest in the Abbey Property. During the hearing on the Injunction Motion, the Court correctly noted that the Abbey Property was no longer property of the estate. The Court, sua sponte, addressed whether the Debtor was entitled to stay litigation against third parties. In this regard, the Court evaluated the effect of

Bank Code §1301 which provides that the co-debtor stay applicable in a chapter 13, terminates once the case is converted to a chapter 11. Since the case was converted, the Court ruled that Bankruptcy Code §1301 precluded a co-debtor stay to stop the State Court litigation. The Court relied upon this interpretation of Section 1301 of the Bankruptcy Code to determine that there was not a substantial likelihood that Debtor would prevail on the merits and therefore denied the Injunction Motion.

## REQUEST FOR RECONSIDERATION

Debtor contends that the Court should not have relied upon Bankruptcy Code §1301 to determine whether Debtor is entitled to a preliminary injunction. Once the Court determined that the co-debtor stay was no longer applicable, the Court should have determined whether an injunction would be appropriate under Bankruptcy Code §105(a) in accordance with the standards developed by recent case law.

Recognizing that the automatic stay set forth in Section 362 of the Bankruptcy Code is limited to stopping litigation against the debtor, many courts have issued injunctions to prevent or stop litigation against third parties related to the debtor. Bankruptcy judges routinely rely on Bankruptcy Code §105(a) to extend the automatic stay to prevent litigation against related parties. This section was designed to grant courts broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code. 11 U.S.C. §105(a). *See also Monarch Life Ins. Co. v. Ropes & Gray*, 65 F3d 973, 978-79 (1st Cir. 1995) ("We have held that Bankruptcy Code 105(a) confers ample power upon the bankruptcy court to enjoin the initiation or continuation of judicial proceedings in a non-bankruptcy forum where the court reasonably concludes that such actions would entail or threaten adverse "impact" on the administration of the chapter 11 estate"). Injunctions typically have been issued in big ticket cases where piece-meal litigation involving debtor-related entities would make administration of the bankruptcy difficult. The best examples are mass tort cases such as the Dalkon Shield and asbestos litigation. *Oberg v. Aetna Casualty v. Surety Co.*, 828 F2d 1023 (4th Cir. 1987) (multiple suits against debtor's insurance carrier enjoined); *A.H. Robins Co. v. Piccinin*, 788 F2d994 (4th Cir.), cert den., 479 U.S. 876 (1986) (multiple suits against debtor's officers and directors enjoined).

Injunctions issued under Section 105(a) enjoin virtually all forms of legal action, including shareholder class action lawsuits, tort-based class actions, individual medial malpractice lawsuits, suits on guarantees, and many others. Generally, the standard for issuing such an injunction is twofold, and satisfying either test is sufficient for a judge to issue the order. Courts are likely to issue such injunctions when:

1. an "identify of interest" exists between the debtor and non-debtor so that the potential adverse impact of the litigation would force the debtor to participate in the lawsuit; and

2. the action would involve and distract individuals whose time, energy and commitment are necessary for the reorganization of the debtor.

*See Litchfield Co. v. Anchor Bank,* 135 B.R. 797 (W.D.N.C. 1992). In both situations, the overriding basis for the injunction is to prevent activity that "threatens the reorganization process or impairs the court's jurisdiction with respect to a case before it." *Id. See also In re MacDonald Associates, Inc.*, 54 B.R. 865 (Bankr. D.R.I. 1985); *In re Sudbury, Inc.*, 140 B.R. 461 (Bankr. N.D. Ohio 1992); *In re Ionosphere Clubs, Inc.*, 111 B.R. 423 (Bankr. S.D.N.Y 1990).

Actions against third parties have been stayed if the actions would affect the debtor or property of the estate. *IRS v. Kaplan (In re Kaplan)*, 104 F3d 589, 595 (3rd Cr. 1997); *Monarch Life Ins. Co. v. Ropes & Gray,* 65 F3d 973 (1st Cir. 1995); *In re Nat'l Century Fin. Enterprises, Inc.,* 298 B.R. 133 (Bankr. S.D. Ohio 2003). For instance, the classic situation is a suit against the principal of the debtor who has guaranteed the debt of the debtor. Courts enjoin such suits because they distract the principal from the reorganization effort, *See The Chase Manhattan Bank (Nat'l Assn.) v. Third Eighty-Ninth Assocs,* 138 B.R. 133 (S.D.N.Y 1992); *Lazarus Burman Assoc., et al., v. Nat'l Westminister Bank USA,* 161 B.R. 891 (Bankr. E.D.N.Y. 1993), and/or deplete funds of the principal that might be used in confirmation of a plan. *In re United Health Care Organization,* 210 B.R. 228 (S.D.N.Y 1997); *Archambault v. Hershman (In re Archambault),* 174 B.R. 923 (Bankr. W.D. Mich. 1993).

Most courts apply the normal requirements of Fed. R. Bankr. P. 7065 and Fed. R. Civ. P. 65. This test requires proof that (1) the relief is necessary to prevent irreparable harm to the plaintiff; (2) the plaintiff is likely to prevail on the merits; (3) the potential harm to the plaintiff outweighs the harm relief may cause the defendant (the balancing of the harms test); and (4) relief is consistent with public policy.

Still other courts require a less stringent showing for a preliminary injunction in bankruptcy cases. *See In re Excel Innovations, Inc.,* 502 F3d 1086 (9th Cir. Sept. 7, 2007) (In the context of enjoining other litigation that might interfere with a bankruptcy case, these standards are whether the enjoined action will interfere with a reasonable likelihood of a successful reorganization, the relative hardships on the parties of the injunction or denial thereof, and any public interests if relevant. Other facts are not considered in this context; for example, irreparable harm is not required, just a balancing of hardships.).

There is amply authority for the court to issue an injunction in this case. Due to the previous relationship between Husband and his ex-wife, there is clearly an identity of interest. Husband is still liable for the mortgage on the Abbey Property. If the Abbey Property is foreclosed upon, Husband's ex-wife will seek a modification of the MSA which may be substantially more than Husband is paying now, and will therefore impair his ability to fund a plan. Foreclosure of the Abbey Property will also expose Husband to a potential non-dischargeable 523(a)(5) or 523(a)(15) claim to indemnify his ex-wife.

Also, if the State Court Litigation is allowed to proceed, Husband will have to devote his time, energy and substantial financial resources defending this matter which will clearly impair Debtors' ability to reorganize. Finally, the injury to the Debtors clearly outweighs any impact to CenterState. Husband was current with his obligations to CenterState with respect to the Abbey Court loan. CenterState refused Husband's mortgage payments and instituted the State Court Litigation based on an alleged cross-default provision in the loan documents.

Husband has been and continues to be in a position to make all the payments owed to CenterState pursuant to the Abbey Court mortgage. Husband is prepared to immediately bring the loan current. CenterState's collateral position is protected because there is substantial equity in the Abbey Property.

WHEREFORE, Debtors respectfully request this Court enter a preliminary injunction against CenterState preventing CenterState from prosecuting the state court litigation, and awarding Debtors any and all such further relief as is deemed necessary or proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically or via U.S. Mail to Assistant U.S. Trustee, 501 E Polk St, #1200, Tampa, FL 33602; Robert T. McCarty & Mary Linda Young-McCarty, 3 Lefe Ct, Haines City, FL 33844; CenterState Bank, Attn: Ernest S. Pinner, Registered Agent, 42745 US Hwy 27, Davenport, FL 33837; CenterState Bank, Attn: John C. Corbett, CEO, 42745 US Hwy 27, Davenport, FL 33837; *and via Phone (863) 686-6883 and Fax (863) 616-9143 to* CenterState Bank of Florida, NA c/o Law Office of Tanya M. Comparetto, PA, 1937 East Edgewood Dr, Lakeland, FL 33803; and on all parties on the attached mailing matrix on this 17th day of January, 2013.

RICHARD B. FEINBERG   FBN 802808
DEBT RELIEF LEGAL GROUP, LLC
901 W Hillsborough Ave
Tampa, FL 33603-1309
Phone (813) 231-2088
Fax     (813) 231-2733

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:12-bk-06885-MGW<br>Middle District of Florida<br>Tampa<br>Thu Jan 17 13:00:54 EST 2013 | CenterState Bank of Florida, N.A.<br>Law Office of Tanya M. Comparetto, P.A.<br>1937 East Edgewood Drive<br>Lakeland, FL 33803-3415 | Robert T McCarty<br>3 Lefe Ct<br>Haines City, FL 33844-8941 |
| Oak Harbor Capital VI, LLC<br>c/o Weinstein & Riley, P.S.<br>2001 Western Avenue, Suite 400<br>Seattle, WA 98121-3132 | PPTS 500 LLC<br>c/o Plymouth Park Tax Services LLC<br>300 Convergence Way<br>Floor 1<br>Whippany, NJ 07981-1073 | Recovery Management Systems Corp.<br>Attn: Ramesh Singh<br>25 SE Second Avenue, Ste 1120<br>Miami, FL 33131-1605 |
| Michael G. Williamson<br>Tampa | Mary Linda Young-McCarty<br>3 Lefe Ct<br>Haines City, FL 33844-8941 | Constance d'Angelis<br>84 Davis Boulevard, Suite 201<br>Tampa, FL 33606-3421 |
| American Express<br>PO Box 981537<br>El Paso, TX 79998-1537 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | BACK BOWL I LLC, SERIES C<br>C O Weinstein And Riley, PS<br>2001 Western Avenue, Ste 400<br>Seattle, Wa 98121-3132 |
| Bank of America<br>PO Box 982238<br>El Paso, TX 79998-2238 | Capital One Bank USA<br>PO Box 30281<br>Salt Lake City, UT 84130-0281 | Center State Bank<br>1101 First St South<br>Winter Haven, FL 33880-3999 |
| CenterState Bank<br>c/o Law Office of Tanya M. Comparetto, P<br>1937 East Edgewood Drive<br>Lakeland, Florida 33803-3415 | Department Stores National Bank/Macys<br>Bankruptcy Processing<br>Po Box 8053<br>Mason, OH 45040-8053 | Department of Labor and Security<br>Hartman Building Suite 307<br>2012 Capital Circle Southeast<br>Tallahassee FL 32399-6583 |
| Department of Revenue<br>PO Box 6668<br>Tallahassee FL 32314-6668 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH  43054-3025 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| Doctors Business Bureau<br>202 N Federal Hwy<br>LAKE WORTH, FL 33460-3438 | FIA Card Services, N.A. as successor to<br>Bank of America, N.A. (USA)<br>and MBNA America Bank, N.A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami, FL 33131-1605 |
| GECRB/Belk<br>PO Box 530940<br>Atlanta, GA 30353-0940 | GECRB/Dillards<br>PO Box 965005<br>Orlando, FL 32896-5005 | Homes & Land Magazine<br>226 7th St SW<br>Winter Haven, FL 33880-3200 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Joe G. Tedder<br>Polk County Tax Collector<br>P.O. Box 1189<br>Bartow, FL 33831-1189 | Ken Morrish<br>107 Fairway<br>Haines City, FL 33844-8887 |

| | | |
|---|---|---|
| Linda M McCarty<br>15 Abbey Ct<br>Haines City, FL 33844-9128 | Macys<br>PO Box 183083<br>Columbus, OH 43218-3083 | National Capital Management, LLC<br>agent for GE Capital Retail Bank<br>8245 Tournament Drive<br>Suite 230<br>Memphis, TN 38125-1741 |
| OAK HARBOR CAPITAL VI, LLC<br>C O Weinstein And Riley, PS<br>2001 Western Avenue, Ste 400<br>Seattle, Wa 98121-3132 | Olde Cypress Bank<br>Center State Bank<br>1101 First St South<br>Winter Haven, FL 33880-3999 | PPTS 500 LLC<br>c/o Plymouth Park Tax Services LLC<br>300 Convergence Way<br>Whippany, NJ 07981-1073 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | ProCom Serv of Il<br>2427 S Macarthur Blvd<br>Springfield, IL 62704-4505 | Quantum3 Group LLC as agent for<br>Capio Partners LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| R Scott Bunn, Esq<br>PO Box 49498<br>Winter Haven, FL 33883 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Remir Corp<br>36 W Main St<br>Bloomsburg, PA 17815-1703 |
| Robert McCelland<br>12 Lefe Ct<br>Haines City, FL 33844-9704 | Royal Battery<br>2580 N Orange Blossom Tr<br>Kissimmee, FL 34744-1896 | Safe Start<br>12045 34th St<br>Saint Petersburg, FL 33716-1834 |
| The Law Offices of Mitchell<br>D Bluhm & Assocs<br>2222 Texoma Pkwy Ste 160<br>Sherman, TX 75090-2482 | United States Trustee - TPA 11+<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 | Joe G Tedder +<br>Polk County Tax Collector<br>Delinquency and Enforcement<br>Post Office Box 2016<br>Bartow, FL 33831-2016 |
| Richard B. Feinberg +<br>P R Smith Law Group, PA<br>901 W. Hillsborough Avenue<br>Tampa, FL 33603-1309 | Charles T Stohlman +<br>Of Counsel, P.R. Smith Law Group, P.A.<br>901 W. Hillsborough Avenue<br>Tampa, FL 33603-1309 | Tanya M Comparetto +<br>Tanya M Comparetto, PA<br>1937 East Edgewood Drive<br>Lakeland, FL 33803-3415 |
| Richard S. Ralston +<br>Weinstein & Riley, P.S.<br>2001 Western Avenue, Suite 400<br>Seattle, WA 98121-3132 | Nicole Peair +<br>Timberlake Annex<br>501 E Polk Street, Suite 1200<br>Tampa, FL 33602-3945 | Richard B Feinberg +<br>Debt Relief Legal Group, LLC<br>5300 4th St North<br>St Petersburg, FL 33703-2993 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Discover Financial Svcs<br>PO Box 15316<br>Wilmington, DE 19850 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)CPG Limited

(d)Department of Revenue
PO Box 6668
Tallahassee, FL 32314-6668

(d)Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(d)Oak Harbor Capital VI, LLC
c/o Weinstein & Riley, P.S.
2001 Western Ave., Ste. 400
Seattle, WA 98121-3132

End of Label Matrix
Mailable recipients   53
Bypassed recipients    4
Total                 57